IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSE GARZA


                    Plaintiff,


          v.                    CASE NO.   09-3146-SAC

CORRECT CARE SOLUTIONS
"at Lansing Correctional
Facility",


                    O R D E R


     This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate of the Larned Correctional Mental Health Facility,
Larned, Kansas (LCMHF).  Plaintiff complains of denial of medical
treatment following an alleged sexual assault in 2003 at Lansing
Correctional Facility (LCF).  Having considered the form complaint
filed herein, the court finds as follows.

     Plaintiff has recently filed several cases in this court.
In Case Nos. 09-3144 and 09-3145 he sued Correct Care Solutions
(CCS) at the LCMHF based on conclusory facts similar to those he
alleges in this complaint.  His two cases against CCS at LCMHF were
consolidated, and plaintiff has been ordered to cure deficiencies
in that action found upon screening.  The only defendant named in
the caption in this case is CCS "at Lansing Correctional Facility".
Since this is a different defendant than in plaintiff's two other
new cases, and since it is assumed that plaintiff complains herein
of a denial of medical care during a different time frame while at
the LCF, this case is treated as a separate case and not

consolidated.

**FILING FEE OBLIGATIONS**

Plaintiff has filed an Application for Leave to Proceed without Prepayment of Fees (Doc. 2) and must satisfy the filing fee requirements in this case.  He now has prior closed cases, and another open case in which he has already been granted leave to proceed without prepayment of fees.  He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him.  28 U.S.C. § 1915(b)(1).  The granting of leave merely entitles him to pay the filing fee(s) he incurs over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Plaintiff has outstanding fee obligations in his prior cases[1] and in his pending, consolidated case, Garza v. Rohling, No. 09-3144.  Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in this case. Plaintiff is hereby notified that collection of the full district court filing fee in this case shall begin upon his satisfaction of his prior fee obligations in his previously filed cases.  The

---

[1]     Plaintiff was assessed a district court filing fee of $350.00 and appellate court filing fee of $455.00 in Garza v. Bandy, Case No. 08-3084 (D. Kan. May 16, 2008), aff'd, Case No. 08-3152 (10th Cir. Aug. 13, 2008).  He has submitted several partial payments toward these obligations.  He must pay the amounts that remain owing in Garza v. Bandy first, then the $350.00 fee owing in Case No. 09-3144, and then payments will continue to be deducted until he has paid the full filing fee for this case.

Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy his filing fee obligations, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**REPETITIVE COMPLAINTS**

Plaintiff recently filed two similar civil rights complaints in this court, Case No. 09-3112 and Case No. 09-3113. In each of these cases, the court screened the complaint and granted plaintiff thirty (30) days to satisfy the filing fee requirement and cure the deficiencies in the complaint. Plaintiff was informed that if he chose to cure deficiencies by filing an Amended Complaint, he was to file the Amended Complaint upon forms provided by the court and that the existing case number must be written at the top of the first page on the forms.

Plaintiff thereafter submitted three new civil rights complaints on forms, including this one. No existing case number was written on the first page of any of the new complaints. The

Clerk thus filed the new pleadings as three new cases[2].

Plaintiff is directed to very carefully read and follow the court's directions in its orders and the instructions on the § 1983 forms.  He must always include a single case caption on any materials he sends to the court for filing in a pending case.  The case caption on any motion or other filing must be precisely the same as the caption on the complaint.  Plaintiff must prepare and retain copies of all that he files.  Hand-written copies are accepted by this court.

Having reviewed the foregoing morass of filings, the court wondered if plaintiff actually intended to have the instant complaint filed as a new case, or if it was meant to be an Amended Complaint in either Case No. 09-3112 or 09-3113.  Since this complaint was filed with no case number and the case caption does not match the caption in either 09-3112 or 09-3113, the court considers it as a new complaint.  In Case Nos. 09-3112 and 09-3113, plaintiff was not assessed a filing fee.  This is partly because his new cases appear to raise the same claims as his earlier cases.  However, Mr. Garza is forewarned that he will be assessed an additional $350.00 filing fee for each separate complaint he submits that does not have an existing case number and case caption written on its first page.

---

[2]     Plaintiff also submitted two documents with no case caption and nothing other than the Clerk of the Court's name at the top.  The court directed the clerk to copy and file these papers as plaintiff's Responses in Case Nos. 09-3112 and 09-3113.  Those cases have been dismissed based on the court's finding that plaintiff failed to satisfy the filing fee prerequisites as ordered  in each case.

**SCREENING**

Because Mr. Garza is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds this action is subject to being dismissed for reasons that follow.

**IMPROPER DEFENDANT**

As plaintiff has previously been informed, individual persons, not facilities or entities, are the only proper defendants in a § 1983 suit.  Defendant CCS at LCF is clearly subject to being dismissed for the reason that this entity is not a "person" subject to suit under Section 1983.  <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); <u>Davis v. Bruce</u>, 215 F.R.D. 612, 618 (D.Kan. 2003), <u>aff'd</u> <u>in</u> <u>relevant</u> <u>part</u>, 129 Fed.Appx. 406, 408 (10th Cir. 2005).  Plaintiff names no person as a defendant, and thus names no proper defendant, in his complaint.  This complaint may be dismissed for this reason alone.

**FAILURE TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM**

Moreover, even if plaintiff properly named a person as defendant, the allegations in his complaint are conclusory and, as

such, are insufficient to state a claim for money damages against any person.  Mr. Garza alleges that he went to "the clinic" to have "someone" examine him internally after he was sexually assaulted in 2003, but "they" refused.  He further alleges that from 2003 to 2006 he went to "the clinic" with rectal bleeding and a lot of pain and asked "numerous times" for an examination, but "the clinic" turned him away.  Plaintiff's other allegation that "they" diagnosed him with "hemorrhoids only" is also too conclusory, and even contradicts his allegations of being turned away.

Plaintiff's claims are conclusory also in that no person is named as the individual at LCF who saw plaintiff with his symptoms of rectal bleeding and pain.  No person is named as the individual at LCF from whom plaintiff requested medical treatment but was turned away.  Nor is the person named as a defendant who diagnosed plaintiff with hemmorhoids.  In addition, plaintiff does not provide the dates or describe the circumstances of any of his requests for medical treatment while at LCF.

Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  Haines v. Kerner, 404 U.S. 519 1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Id.  However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which

relief can be based.  Id.

The court repeats instructions to plaintiff that were included in orders in his other cases.  In order to state sufficient facts to support a constitutional claim of denial of medical treatment, plaintiff must allege facts indicating what symptoms of a serious medical condition he presented to medical staff at LCF, the name of the person or persons at LCF to whom he presented these symptoms and from whom he requested medical treatment, the dates of his requests for medical treatment at the LCF, and the responses he received from the person(s) who actually denied his requests for treatment at LCF.

Plaintiff is given time to file an "Amended Complaint" in this case in which he names a person or persons as defendant(s) and alleges sufficient facts to show that the person(s) named violated his federal constitutional rights[3] by personally denying him necessary medical treatment.  If Mr. Garza fails to properly comply in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed in forma pauperis (Doc. 2) is granted, and he is assessed the full filing fee of $350.00 for this complaint, to be paid

---

[3]      In order to add new defendants and substantive facts regarding the alleged unconstitutional acts of new defendants, plaintiff is required to file an "Amended Complaint".  See Rule 15, Federal Rules of Civil Procedure.  An Amended Complaint will completely supercede the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint.  Any claims not included in the Amended Complaint shall not be considered.  An "Amended Complaint" must have Case No. 09-3146 written in the caption and be filed on forms provided by the court.

through payments automatically deducted from his inmate account after he has satisfied his prior fee obligations.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an "Amended Complaint" naming proper defendants and setting forth sufficient facts which show the personal participation of each person named as a defendant in the alleged denial of medical treatment.

The clerk is directed to send a copy of this Order to the finance officer at the institution where plaintiff is currently confined, and to send plaintiff forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, which he must use for his "Amended Complaint".

**IT IS SO ORDERED.**

Dated this 9th day of September, 2009, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge