IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GARZA

               **Plaintiff,**

       v.                        CASE NO. 09-3146-SAC

**CORRECT CARE SOLUTIONS**
**"at Lansing Correctional**
**Facility",**        Defendant.

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate complaining of denial of medical treatment at the Lansing Correctional Facility (LCF) following a violent sexual assault. On September 9, 2009, this court issued an Order screening the complaint and granting plaintiff time in which to file an "Amended Complaint". Plaintiff filed an "Amended Complaint" within the time allotted by the court.

As the factual basis for his complaint, Mr. Garza alleges as follows. He was subjected to a brutal sexual assault by an guard whose name is unknown and two inmates in 2003 at the LCF; he repeatedly went to the medical clinic at the LCF after the assault but did not tell medical staff that he was injured in a violent sexual assault and he repeatedly went to the medical clinic at Larned Correctional Mental Health Facility (LCMHF) and was not properly examined, diagnosed, or treated until he received surgery in 2009; he was improperly diagnosed at both clinics as having a hemorrhoid.

The only defendant named in the caption in the original complaint in this case was Correct Care Solutions (CCS) at Lansing Correctional Facility (LCF). Mr. Garza was informed that he must name the person or persons to whom he presented his need or request for medical treatment and who then actually denied that request. However, he alleges that there were "different nurses" at the clinic when he "kept going and asking for treatment", and that he does not have dates or the names of persons at the medical clinic who refused to provide him with medical treatment. He refers in general terms only to nurses and all persons who worked at the LCF clinic between the time of the assault in 2003 and his transfer from the LCF to the LCMHF on June 20, 2006. He states that "everyone that worked there at the clinic was involved" because "all of them turned (him) away". He also states that all staff in his unit appeared to be suspects.

In his Amended Complaint, Mr. Garza alleges that he was also denied medical treatment at the LCMHF[1]. In the caption of his Amended Complaint he adds "Correct Care Solutions 1318 KS Hwy 264 67550", which the court assumes is the address of CCS at the LCMHF. Plaintiff also refers to the CCS at the LCMHF in the body of his

---

[1] In his Amended Complaint, Mr. Garza alleges the following. He told "everyone" about his bleeding at LCMHF, and "even Dr. Kepta" just assumed it was a hemorrhoid. CCS at both facilities gave him a "supplement to place inside his anal area", but "it" never stopped. Nurse Bagby at LCMHF recommended a procedure to stop the bleeding, and he finally got an operation. His doctor, Dr. Slater, "knows it was more than a hemorrhoid" and knows the assault "had something to do with it". A hemorrhoid would not have caused the "prolapse" of his colon and did not cause him to "get a huge hole in the middle of (his) abdomen." Part of his large intestine was removed in the surgery. He claims to have the names and dates of persons who have saw him at the clinic at the LCMHF since February, 2009.

complaint. The court finds that CCS at the LCMHF has been added as a defendant in this case.

In his Amended Complaint plaintiff alleges that he was assaulted in 2003 at LCF[2]. He complains that he cannot sue the LCF because he did not get the names of his attackers. His Amended Complaint is liberally construed to include a claim based upon the 2003 assault. Plaintiff has not named a person as defendant in this lawsuit who might be liable to him for money damages as a result of the assault incident. Mr. Garza suggests that he could not get the name of his assailant because a KDOC official was involved and no one cooperated. He also claims he could not report the rape incident without getting hurt, and he did not know he could do anything about "it" until he got to LCMHF. He additionally alleges that he would have told someone at LCF about the assault if "they would have let someone examine" him, and that he reported the incident to the "sexual assault hotline" many times but never heard back. The court liberally construes the complaint to state a claim against "John Doe Guard employed at LCF in 2003".

The court summarizes plaintiff's claims as: (1) he was violently sexually assaulted by a guard at the LCF in 2003; (2) he was repeatedly denied medical treatment at the LCF for injuries resulting from the assault when he presented with rectal bleeding

---

[2] Plaintiff has filed other lawsuits in this court, dismissed without prejudice, in which he alleged that he was sexually assaulted by two inmates and a guard at the LCF in 2003. Some of plaintiff's allegations indicate he does not know which guard assaulted him, while others indicate he does. Assuming Mr. Garza was later threatened by his assailant and could now recognize him, then he should make an effort to determine the guard's name or at least a description.

3

and pain from the time of the assault to June 20, 2006; and (3) he was repeatedly denied medical treatment for the same serious medical condition at the LCMHF from June 20, 2006, until he was ordered to have surgery. The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the LCF and the LCMHF. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

The court has received and read letters from plaintiff. In one letter received on October 26, 2009, plaintiff put this case number at the end. Therein, he claims he is harassed by "staff workers, clinic workers and guards," and does not know how to get the information the court has required. He alleges that he is being pressured to go to protective custody, but refuses. These allegations are not supported by sufficient facts, and in any event may be the subject for a separate action. Mr. Garza is admonished that it is improper for one party in a case to correspond with the judge assigned to the case. Instead, if Mr. Garza wants this court to take action in this case, he must file a "Motion" in this case with the case caption and number at the top, a title of the motion that indicates what he is asking for, and he must state in the motion what action he is asking the court to take and facts to support his request. In addition, he may only seek relief that involves the defendants named in this action. No further action will be taken with regard to this correspondence.

Plaintiff's letter received February 16, 2010, is also not

4

a proper motion. In this letter, plaintiff lists four case numbers, and suggests that he has not heard from the court for some time. Contrary to plaintiff's suggestions, staff have responded to Mr. Garza's inquiries and have sent him docket sheets showing all his cases were dismissed except this one. Moreover, copies of all Orders in those cases were mailed to Mr. Garza at his last known address on the date they were entered. Mr. Garza is directed to send only proper motions to this court. If he wishes to reopen one of his closed cases, he must file a Motion to Reopen in that particular case. He must file separate motions in each case, and put the proper case caption on each motion. Plaintiff will immediately be notified of any further action taken in this case.

Plaintiff's simply writing the court to repeat his allegations or add new allegations is improper and only serves to impede the progress of this case. Even though plaintiff is pro se he is required to abide by the Federal Rules of Civil Procedure and court rules. If he wishes to add any relevant allegations to this case, he must file a proper Supplement or Second Amended Complaint. To file a Second Amended Complaint at this juncture, he will have to first obtain leave of court. Rules provide that in order to obtain such leave, he must file a proper motion for leave to file a Second Amended Complaint with the proposed, full Second Amended Complaint attached and on forms provided by the court. He should keep in mind that a Second Amended Complaint would completely supercede his Amended Complaint, and thus must include all claims and allegations he wishes to make.

5

The court also comments that plaintiff alleges he sent some paperwork to his mother who then sent it to this court, and complains that it was filed as a case with he or she being required to pay filing fees. Plaintiff is by statute required, as is any person who submits a new complaint, to pay the filing fee for each separate complaint he files in federal court. He may have submitted more complaints in this court than he intended, but the clerk's office has no way of knowing that he does not intend to file a new case when he submits a complaint without writing an existing case number on it. The clerk has a duty to file complaints submitted to that office for filing. The court can see that Mr. Garza has difficulty either understanding or following directions on forms and in orders. Nevertheless, he submitted several, separate completed complaint forms to the court. Had Mr. Garza ever instructed that anything he submitted was to be filed in a pending case and specified the case number, the clerk would have followed his directions. Mr. Garza has been clearly informed about the fees for filing civil actions in this court in each of his cases; yet the court consolidated two cases he sent in separately, and assessed a single fee. It also dismissed two of his cases without assessing fees (09-3112, 90-3113). Plaintiff now has only this case pending.

**IT IS THEREFORE ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost

to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of Lansing Correctional Facility and Larned Correctional Mental Health Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Correct Care Solutions at Larned Correctional Mental Health Facility and "John Doe Guard employed at LCF in 2003" are added as defendants in this case.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2010, at Topeka, Kansas.

    s/Sam A. Crow
    U. S. Senior District Judge