# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOSE GARZA,**

    **Plaintiff,**

  v.         CASE NO. 09-3146-SAC

**CORRECT CARE**
**SOLUTIONS, et al.,**

    **Defendants.**

## O R D E R

In this civil action, summons issued against defendants Correct Care Solutions (CCS) operating at Lansing Correctional Facility, Lansing, Kansas (LCF) and Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF); John Doe guard, LCF employee; and Interested Party Kansas Department of Corrections (KDOC). The matter is now before the court upon the Motion of defendant CCS "to Dismiss and Alternative Motion for Summary Judgment" (Doc. 16), as well as plaintiff's Motion for Orders (Doc. 18) and plaintiff's Motion for Leave to Amend Complaint (Doc. 19). Having considered these motions together with the Martinez Report filed by defendant KDOC herein, the court finds as follows.

Defendant's Motion to Dismiss is based, in part, upon plaintiff's alleged failure to exhaust administrative remedies. Defendant is correct that prisoners are required by statute to exhaust prison grievance procedures before filing suit in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202

(2007).[1] "The Prison Litigation Reform Act ("PLRA") states in relevant part: 'No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted'." Hines v. Sherron, 372 Fed.Appx. 853, 856 (10th Cir. 2010)(citing § 1997e(a)). "This section requires a prisoner to exhaust all of his administrative remedies prior to filing a lawsuit." Id. (citing Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001)). "The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [i]s not authorized to dispense with it." Id. (citing Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 FN 5 (10th Cir. 2003)(per curiam), cert. denied, 540 U.S. 1118 (2004)). It applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. In order to satisfy the exhaustion prerequisite a prisoner must timely exhaust each step of a prison system's grievance procedure, substantial compliance is not sufficient. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Any claim which was not properly exhausted in full compliance with the prison's grievance process is barred and should be dismissed. Id. at 1031-33.

Defendant's motion alternatively seeking dismissal or summary

---

[1] However, CCS incorrectly argues that exhaustion must be pleaded and proved by the plaintiff and that this action should be dismissed because plaintiff has previously failed to allege and prove exhaustion. The cases relied upon by defendant for this proposition are no longer viable in light of the Supreme Court's ruling in Jones v. Bock that exhaustion is an affirmative defense, which the defendant has the initial burden of pleading and proving. See Jones, 2007 WL 135890, at *11. In fact, Knuckles El v. Toombs, 215 F.3d 640 (6th Cir. 2000) cited by defendant, was abrogated by Jones.

judgment is hereby treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). A pro se plaintiff's complaint is liberally construed. Nevertheless, he must adhere to the same rules of procedure which are binding on all litigants, and is thus required to strictly adhere to the requirements of Rule 56. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely on mere allegations or denials in its own pleading. . . ." Fed.R.Civ.P. 56(e). Instead, the response must set forth "specific facts showing a genuine issue for trial." Id. When an affirmative defense is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir.), cert. denied, 522 U.S. 914 (1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." Id.

As the basis for its motion, defendant CCS relies upon the finding in KDOC's Martinez Report that Mr. Garza filed no administrative grievance on the events alleged in the Complaint while in KDOC custody and on the report's attachment showing that an administrative remedy was available at the KDOC institutions for

3

Garza's claims.[2] "[I]t is well-established that, at the summary judgment phase, a Martinez report is treated like an affidavit . . . ." Id. at 856-57 (citing see Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992); Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)). The court notes, in accord with its continual screening responsibility, that the Martinez Report also includes an interview with Mr. Garza in which he indicates that he filed no administrative grievances following either the alleged assault or the alleged denials of medical treatment.[3] Given this evidence, the court finds that defendant CCS has established that plaintiff did not file a proper grievance on any of the claims raised in his Complaint and has thus met its initial burden of demonstrating that no disputed material fact exists regarding the affirmative defense of failure to exhaust. As a result, plaintiff must now "demonstrate with specificity the existence of a disputed material fact" on the issue of exhaustion. Hutchison, 105 F.3d at 564. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and defendant is then entitled to summary judgment as a matter of law." Id.

---

[2] The court has found no case within this Circuit where a motion for summary judgment was based only upon the finding in a special report that no administrative grievance had been filed. Instead, the findings in the special report have generally been supported by additional evidence, such as an affidavit of a record keeper or record examiner. The court hesitantly accepts defendant's motion as an assertion of the affirmative defense of failure to exhaust and defendant's proffer of the statement in the report as its proof.

[3] The grievance procedure for Kansas state prisoners is established through administrative regulations. See Kan. Admin. Regs. §§ 44-15-101-106. Section 44-15-102 creates a three-step process which requires a prisoner to "first seek information, advice, or help on any matter from [his] unit team." Id. § 44-15-102(a)(1). If the prisoner is not satisfied with step one, he may submit "an inmate grievance report form ... to a staff member for transmittal to the warden." Id. § 44-15-102(b). Finally, if the prisoner remains unsatisfied with the warden's resolution of his grievance, he may appeal the matter to the secretary of corrections "by indicating on the grievance appeal form exactly what [he] is displeased with and what action [he] believes the secretary should take." Id. § 44-15-102(c)(1).

4

Plaintiff failed to answer any questions in his Complaint regarding exhaustion of administrative remedies, and has since made statements indicating that he did not exhaust. To show exhaustion, he must provide information as to specific issues presented in proper grievances to particular persons, the dates of such grievances and appeals, and the administrative responses. Plaintiff's suggestion that he was unaware of the grievance process is not sufficient to excuse exhaustion, given that KDOC inmates are presumed to be aware of prison regulations and are routinely provided such information upon entering prison. Nor may exhaustion simply be excused where an inmate has made a conscious choice not to utilize the established process to notify prison officials in a timely fashion of an alleged brutal assault. See Woodford v. Ngo, 548 U.S. 81, 90 (2006)(Exhaustion "means using all steps that the agency holds out, and doing so properly.")(citing Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)); Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007). Plaintiff's suggestions that he gave defendants sufficient notice by some other means do not amount to "full compliance."

Plaintiff is hereby notified that defendant's Motion to Dismiss and Alternative Motion for Summary Judgment is treated as one for summary judgment, limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust, pursuant to Fed.R.Civ.P. Rule 12(d).[4]

---

[4] Rule 12(d) provides:

Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Id.

See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1140 (10th Cir. 2005). Mr. Garza is given time to properly respond to defendant's summary judgment motion. Id. Plaintiff's response must be limited to the issue of exhaustion.[5] The court need not address the other grounds in defendant's motion at this time, given the threshold nature of the exhaustion issue. The court remarks that plaintiff's prior, similar cases were dismissed on procedural grounds, rather than based upon other deficiencies mentioned in the court's screening order.

Plaintiff's pleading entitled "Second Amended Complaint" was properly construed and filed by the clerk as his Motion for Leave to File Second Amended Complaint (Doc. 19). The court has considered this motion, and finds that it should be denied. Plaintiff did not follow the proper procedure of submitting a clear and distinct Motion for Leave to Amend with a complete "Second Amended Complaint" attached. Plaintiff seeks to amend to add numerous defendants and several claims. However, he does not describe personal acts on the part of any additional defendant in the body of the proposed amended complaint. Nor does he include the defendants upon whom summons has already issued in the caption or the body of the proposed complaint. In addition, the proposed amended complaint is not upon the forms provided by the court as required by local rule. Mr. Garza has previously been advised of the requirements for properly filing an amended complaint. For

---

[5] The court has received a letter/affidavit from another inmate that is intended to provide support for plaintiff's claims. This letter has been maintained on the left side of the office hard file. However, pleadings may only be submitted in this case by the plaintiff. In addition, Mr. Garza must show full and proper exhaustion of administrative remedies or the merits of his claims cannot be considered.

6

these reasons, including plaintiff's failure to adhere to the Federal Rules of Civil Procedure regarding amendments, the court finds that the Motion for Leave to Amend shall be denied.

The court has considered plaintiff's Motion for Orders (Doc. 18). In this motion, Mr. Garza asks the court to do eight things: (1) order "opposing counsel" to provide Garza with a complete copy of the Martinez Report; (2) grant plaintiff an extension of time to rebut the Martinez Report and defendants' Motion to Dismiss; (3) reopen several closed cases previously filed by plaintiff and consolidate those cases with the instant case; (4) grant Mr. Garza leave to file a second Amended Complaint;[6] (5) order a federal investigation and allow plaintiff to appear before a grand jury as well as order KDOC Secretary Werholtz, Kansas Attorney General Six, or the KBI to fully investigate and file a comprehensive report; (6) appoint counsel to represent plaintiff; (7) order the clerk to serve summons upon the additional defendants; and (8) refer this case to the magistrate for all further proceedings.

The certificate of service on the report is incomplete, and it appears therefrom that a copy of the Martinez Report was not provided to plaintiff. Defendant KDOC should have served plaintiff with a copy of the Martinez Report at the time it was submitted to the court.[7] Defendant KDOC shall be ordered to immediately provide

---

[6] Plaintiff imbedded this request in his "Motion for Orders," which prevented the clerk, who is not required to fully parse the content of every submitted pleading, from filing this pleading as a motion for leave to amend. This request has already been considered and denied herein.

[7] The Martinez Report presented in this case contains no indication that the report was served upon plaintiff at the time it was filed, which is a fundamental requirement. Furthermore, the report contains no mention of an attempt to investigate the alleged assault. Moreover, as noted, no affidavit or documentation is provided that supports the finding in the Report that plaintiff did not exhaust. Finally, the KDOC administrative remedy for claims of denial of

7

a copy of the Martinez Report to Mr. Garza and provide certification to the court.

Plaintiff's motion to reopen cases is improperly filed in this pending case. Any such motion must be separately filed in each case that he seeks to reopen. In any event, no reason whatsoever is stated in the motion that would justify the reopening of any of the cited, closed cases. Thus, plaintiff's motion to reopen and consolidate closed cases as filed herein is denied.

Plaintiff's requests for service upon new defendants and for additional relief such as investigations are matters that must be presented through the proper filing of an Amended Complaint. These requests are denied because, as previously discussed herein, plaintiff has not filed a proper Second Amended Complaint.

Plaintiff's request for appointment of counsel is denied at this juncture, without prejudice. There is no constitutional right to appointment of counsel in a civil case. <u>Durre v. Dempsey</u>, 869 F.2d 543, 547 (10th Cir. 1989); <u>Carper v. Deland</u>, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." <u>Steffey v. Orman</u>, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing* <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same

---

medical treatment is not mentioned. The report and defendant's dispositive motion relying on this report are similarly barely adequate.

could be said in any case." <u>Steffey</u>, 461 F.3d at 1223, *citing* <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." <u>Rucks</u>, 57 F.3d at 979; <u>Hill</u>, 393 F.3d at 1115. Having considered the above factors, the Court finds it is likely that this case will be dismissed. Moreover, because no special legal training is required to recount the facts surrounding an alleged injury, pro se litigants may be expected to state such facts without legal assistance. <u>See</u> Hall, 935 F.2d at 1109. The court denies plaintiff's motion to appoint counsel, without prejudice. This means that if this action is not dismissed upon summary judgment and it becomes apparent that appointment of counsel is warranted, plaintiff may renew this motion.

Plaintiff's request that this case be transferred to a magistrate is denied, as case reassignment is not a matter determined upon motion by party.

**IT IS THEREFORE ORDERED** that plaintiff's request for service of a copy of the Martinez Report (Doc. 18) is granted, and defendant Interested Party KDOC is hereby ordered to immediately provide plaintiff with a complete copy of the Martinez Report and attachments filed herein and to provide certification of service to the court.

**IT IS FURTHER ORDERED** that the Motion of defendant CCS to Dismiss and Alternative Motion for Summary Judgment (Doc. 16) is hereby treated as defendant's Motion for Summary Judgment.

9

**IT IS FURTHER ORDERED** that plaintiff's request for an extension of time (Doc. 18) to rebut the Martinez Report and defendant's Motion to Dismiss are sustained to the extent that plaintiff is granted thirty (30) days in which to file a proper response to defendant's Motion for Summary Judgment (Doc. 16).

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 19) and all his other requests in his Motion for Orders (Doc. 18) are denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge