**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSE GARZA,**

        **Plaintiff,**

        **v.**                        **CASE NO. 09-3146-SAC**

**CORRECT CARE
SOLUTIONS, et al.,**

        **Defendants.**

**O R D E R**

This civil rights action, 42 U.S.C. § 1983, is before the court upon the Motion for Summary Judgment (Doc. 16) of defendants Correct Care Solutions (CCS). The motion is based upon plaintiff's alleged failure to exhaust administrative remedies. Plaintiff was fully informed of the following summary judgment standards. Prisoners are required by federal law to exhaust prison grievance procedures prior to filing suit in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202 (2007);[1] Hines v. Sherron, 372 Fed.Appx. 853, 856 (10th Cir. 2010)(Section 1997e(a) "requires a prisoner to exhaust all of his administrative remedies prior to filing a lawsuit.")(citing Porter v. Nussle, 534 U.S. 516, 524 (2002)); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court is not authorized to dispense with it. Hines, 372 Fed.Appx. at 856 (citing Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003)(per curiam), cert. denied, 540 U.S. 1118 (2004)). It

---

[1] Section 1997e(a) provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."

applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. In order to satisfy the exhaustion prerequisite a prisoner must timely exhaust all steps of a prison system's grievance procedure, substantial compliance is not sufficient. Hardeman v. Sanders, 396 Fed.Appx. 551, 554 (10th Cir. 2010)(citing Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010)); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Any claim that was not properly exhausted in full compliance with the prison's established grievance process is barred and must be dismissed. Id. at 1031-33.

Defendants' motion was filed on July 9, 2010. Mr. Garza, who is proceeding pro se and may have other impediments, managed to file a timely pleading (Doc. 19) in which he stated that the Motion to Dismiss was based upon attachments to the Martinez Report including medical records and that he had not been served with a copy of those attachments. He stated that he needed the attachments in order to respond to defendants' motion because prison officials refused to provide him with copies of his medical records. Therein, he also properly requested an extension of time to respond to defendants' motion. On November 1, 2010, the court granted plaintiff an extension of thirty (30) days. On November 16, 2010, plaintiff filed another timely Motion for Extension of Time (Doc. 26) in which he stated that defendants had not complied with the court's Order to serve him with a copy of the Martinez Report.[2] Defendants did not

---

[2] This motion is denied as moot, since Mr. Garza has had more than enough additional time and has managed to submit numerous responsive pleadings and documents. In at least one, he even indicates that he has submitted all the materials he has available.

2

file a Certificate of Service of the Martinez Report until December 14, 2010. Before and after being served with a copy of the Report and attachments, plaintiff submitted eight pleadings with exhibits attached (Docs. 24, 25, 27, 29, 31, 32, 33, 34),[3] which are plainly his efforts to respond to defendants' Motion for Summary Judgment. These materials were filed while he had a timely Motion for Extension of Time pending. Accordingly, defendants' Motion for Summary Judgment is not unopposed.

The court has considered defendants' motion together with all of plaintiff's pro se filings submitted in response, and finds that the motion should be granted. In a prior Order entered November 1, 2010, the court treated defendants' motion as one for summary judgment, and found that defendants had met their initial burden of demonstrating that "no disputed material fact exists" regarding the affirmative defense of failure to exhaust administrative remedies. Specifically, the court found that defendants CCS had "established that plaintiff did not file a proper grievance on any of the claims raised in his Complaint." In the same order, Mr. Garza was directed to "demonstrate with specificity the existence of a disputed material fact" on the issue of exhaustion. He was cautioned that if he "fails to make such a showing, the affirmative defense bars his claim, and defendant is then entitled to summary judgment as a matter of law." Plaintiff was further advised that in order to show exhaustion, he was required to provide information as to specific issues presented in proper grievances to particular persons, the dates of such grievances and appeals, and the administrative

---

[3] The court directed the clerk's office to docket filings as "exhibits" that were plainly intended to submit exhibits of grievances.

3

responses.

The court has examined plaintiff's Notice of Acknowledgement (sic) of Show Cause Order (Doc. 22) and the eight filings with exhibits attached that have been submitted by Mr. Garza in an obvious attempt to comply with the court's order and to oppose defendants' Motion for Summary Judgment. In his Notice, Mr. Garza again alleges that he was not aware of an available grievance procedure and that he was afraid to say anything at LCF. He also alleges that he went to the clinic seeking medical treatment for his injuries "plenty of times."

Doc. 24 has no case caption or title.[4] However, on the top sheet, Mr. Garza states that he has attached "almost everything he has saved up." He alleges that he has written the Governor, the KDOC, Legal Services for Prisoners, The Defender Project, the ACLU, and a private attorney, and that he filled out a sick call slip and a grievance on a work injury. He exhibits several requests regarding hernia pain and constipation. He also attaches medical bills for a hernia operation in 2010, and some grievances from 2009 and 2010. None of these exhibits are shown to relate to either the 2003 assault or plaintiff's immediate requests for medical treatment for injuries from that assault. Plaintiff also attaches information about the KDOC Sexual Assault Helpline on which he has written that he made many calls, but never got a response. He also refers to grievances and letters concerning mail problems. None of the allegations or exhibits in this document shows that Mr. Garza timely

---

[4] Mr. Garza has been repeatedly directed in the several cases filed by him that he must put the case number and caption on the top of the first page of any filings he submits to this court. He has ignored this directive.

4

and properly sought administrative relief on his claims, first through his unit team, then the warden, and finally from the Secretary of Corrections.

Doc. 25 has no caption or case number. The top sheet contains the same type of allegations as Doc. 24, and the attached exhibits are again form 9s' from 2010. In several of these grievances Mr. Garza requests to "speak to someone" about his injury and to see his medical records. Doc. 27 has no caption or case number. The attachments are 2010 grievances seeking a copy of an "injury claim" he filed in November 2009 and all his medical records. These documents do not show that Mr. Garza timely and properly sought administrative relief on his claims in this action.[5]

Document 29 has no caption. Mr. Garza's complaints that he cannot now obtain his medical records do not prove that he timely exhausted administrative remedies on his claims in the complaint.

Doc. 31 has no caption. As plaintiff states therein, he is "writing and sending a few sick call's slips." In this letter plaintiff complains regarding recent attempts to see the doctor. His allegations and exhibits of 2010 medical requests do not satisfy his burden of showing exhaustion of administrative remedies on his claims.

Doc. 32 has no caption. The attached postage receipts do not establish that plaintiff followed each step of the administrative process to exhaust the available remedies in a proper and timely

---

[5] Exhaustion must be completed before the filing of the lawsuit, not while it is pending. See Porter, 534 U.S. at 523-25. Allowing an inmate to exhaust instead of dismissing his action would be contrary to the PLRA's requirement that a prisoner exhaust before he files a federal lawsuit. See Jernigan, 304 F.3d at 1032-33.

5

fashion.

Doc. 33 has no caption, but simply provides "here are some more sick call slips." The attached healthcare requests from 2011 do not show exhaustion on plaintiff's claims. Moreover, they indicate that he is receiving medical treatment for his current conditions.

Doc. 34 has no caption and also has "more of (plaintiff's) sick call slips" attached. These 2011 requests do not show timely exhaustion of plaintiff's claims that arose in 2003 or up to the time of the filing of his complaint.

Having considered all materials filed by plaintiff in response to defendants' summary judgment motion asserting the defense of failure to exhaust, the court finds that defendants CCS are entitled to judgment as a matter of law. The conclusion in inescapable that Mr. Garza has not shown that he filed a proper and timely administrative grievance and appeals at the LCF regarding the alleged 2003 assault in accord with the available prison administrative processes. In fact, Mr. Garza admits that he did not pursue administrative remedies while at the LCF. Unfortunately, plaintiff consciously avoided seeking administrative relief at a time when an effective investigation and remedy might have been provided, and he continued to avoid seeking either administrative or judicial relief for years.

Mr. Garza again attempts to excuse his failure to exhaust by alleging that he feared for his safety and that he contacted the prison's hot-line to no avail. The court already held that these bald allegations with no facts in support are simply insufficient to excuse his intentional failure to follow the administrative grievance process. As the court also noted, KDOC inmates are

6

provided at orientation with information regarding administrative remedies and apparently on reporting sexual assault by other means. Mr. Garza's conclusory statement that he was not aware of how to pursue administrative remedies is not sufficient in light of the pertinent prison regulations.[6]

The same is true with regard to Mr. Garza's claim that he was denied immediate medical treatment for injuries that resulted from the 2003 assault. Plaintiff has not produced a single grievance that he filed with his unit team at the LCF, then to the warden, and finally to the Secretary of Corrections claiming that he was being denied medical treatment for injuries from a sexual assault or for any injury. Nor does he present such documentation regarding treatment he sought at the LCMHF.[7] Because Mr. Garza did nothing to pursue administrative remedies as to his medical treatment and did not notify LCF or CCS staff through the grievance process of his

---

[6] Under IMPP 10-103, had Mr. Garza properly and credibly reported the alleged incident in a timely manner, it would have triggered an immediate investigation, preservation of the crime scene, a prompt medical forensic examination at a community facility, and services to the inmate.

[7] Plaintiff's interview and KDOC medical records provided with the Martinez Report indicate that he informed prison medical staff that his medical history prior to KDOC custody included an injury on the job in 1998 when a piece of metal entered and tore his anus and surgery to repair his sphincter. His medical records also indicate that he informed prison medical staff that he had been treated on the street for anal polyps, fissures, and rectal bleeding. Plaintiff stated in his interview that he had three surgeries while in KDOC confinement. His records indicate that he had many examinations for chronic rectal prolapse and bleeding and was provided numerous medications, a colonoscopy, a hemorrhoidectomy, surgery for recurrent prolapse, and surgery for a ventral hernia. There is no indication in the record that prior to the filing of this complaint, Mr. Garza either reported or was diagnosed with an internal injury caused by a sexual assault. The court makes no findings as to the correctness of these records, but simply notes that Mr. Garza was in fact treated for the very symptoms he claims resulted from a sexual assault as symptoms of other pre-existing ailments. The court expresses no opinion as to the adequacy of that treatment. In order to challenge the medical treatment that he has received for his several conditions, other than the alleged sexual assault, he must file a complaint naming the defendants that have treated him for his recognized conditions and allege facts showing how each named defendant was deliberately indifferent to his serious medical needs. Medical malpractice is not grounds for relief under 42 U.S.C. § 1983.

belief that he was receiving constitutionally inadequate medical attention, there could be no investigation of this claim.

The court finds that Mr. Garza has failed to demonstrate with specificity the existence of a disputed material fact on the issue of exhaustion in that he has not provided information as to specific issues presented in proper grievances to particular persons, the dates of such grievances and appeals, and the administrative responses. Accordingly, the court concludes that the affirmative defense urged by defendants bars plaintiff's claims, and defendants are entitled to summary judgment as a matter of law.

Under 28 U.S.C. § 1915(e)(2)(B), the court has a continuing responsibility to screen prisoner complaints brought in forma pauperis. Pursuant to this authority, the court finds that Mr. Garza has never adequately described any of the 3 participants in the alleged sexual assault, which he claims occurred in 2003 at the LCF. Nor has he substituted the name of the guard who allegedly participated for the John Doe prison guard defendant and provided sufficient information for service of process. Consequently, no timely service has been made upon any individual who may be held personally liable for the alleged assault.[8] Accordingly, this action is dismissed, without prejudice, as against defendant John Doe.

Plaintiff has filed a Motion for Evidentiary Hearing (Doc. 28). On the top half of the first page of this motion, Mr. Garza requests a hearing so that "he may review all of his legal documents" that he

---

[8] It is the plaintiff's responsibility to provide the U.S. Marshal with the address of the person to be served. See Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1113 (10th Cir. 2007).

has mailed to this court. This is not grounds for an evidentiary hearing, and the motion is denied. The bottom half of the page is an imbedded statement that another inmate has witnessed Mr. Garza in pain and bleeding and believes his allegations. Even if this were a properly submitted and sworn affidavit, no factual basis for Mr. Malone's statements is provided and his statement, in any event, does not show that Mr. Garza exhausted his administrative remedies.[9]

For all the foregoing reasons, the court sustains defendants' Motion for Summary Judgment. This action is dismissed and all relief is denied.

Mr. Garza also filed a another Motion to Appoint Counsel (Doc. 23), which is denied as moot.

**IT IS THEREFORE BY THE COURT ORDERED** that the motion of defendants CCS for summary judgment (Doc. 16) is sustained, and the claims against all defendants are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docs. 23, 26, 28) are denied for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2011, at Topeka, Kansas.

> s/Sam A. Crow
> U. S. Senior District Judge

---

[9] Mr. Garza attempts toward the end of this filing to inquire about a different case that he filed, which was closed on April 26, 2011, with notice to plaintiff. Any questions regarding that separate case must be submitted in that case in a motion with the case caption and case number clearly written at the top of the first page. Mr. Garza has repeatedly been informed of this basic requirement.